UNITED STATES of America ex rel.
Katherine R. O'CONNELL et al.

v.

CHAPMAN UNIVERSITY.

No. SACV 04–1256–PSG(RCx).

United States District Court,
C.D. California.

Sept. 19, 2007.

Daniel Robert Bartley, Novato, CA, for Plaintiff.

Matthew J. Schenck, Paul, Plevin, Sullivan & Connaughton, San Diego, CA, for Defendant.

**PROCEEDINGS: ORDER DENYING DEFENDANT'S MOTION FOR EXCLUDING RELATORS' EXPERT TESTIMONY AT TRIAL AND GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S ALTERNATIVE MOTION TO REQUIRE COMPLIANCE WITH RULE 26, TO MODIFY SCHEDULING ORDER AND FOR ATTORNEY'S FEES**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On August 29, 2007, defendant filed a notice of motion and motion for sanctions excluding relators' expert testimony at trial or, in the alternative, for order requiring compliance with Rule 26(a)(2)(B) and modifying scheduling order, and a joint stipulation, including the supporting declaration of Matthew J. Schenck and exhibits. On September 5, 2007, defendant filed its supplemental memorandum of points and authorities, and on September 6, 2007, relators untimely filed their supplemental memorandum of points and authorities and the declaration of Daniel Robert Bartley, with exhibits.

## BACKGROUND

This Court, in its Order of June 18, 2007, set forth in detail the nature of this qui tarn litigation, and it need not be repeated here. On September 25, 2006, District Judge James V. Selna established: the discovery cut-off date of July 24, 2007; the expert discovery cut-off date of September 24, 2007, with initial disclosures of experts due no later than August 13, 2007, and rebuttal disclosures no later than September 4, 2007; and a trial date of November 6, 2007.[1] On August 13, 2007, relators served defendant with the resume of their expert witness, Alan Contreras, and a two-page letter from Mr. Contreras setting forth ten "issues" about which he had been retained to testify. Declaration of Matthew J. Schenck ¶¶ 3–4, Exh. B; Jt. Stip., Exh. 1. Defendant's counsel immediately contacted relators' counsel complaining the two-page letter from Mr. Contreras did not comply with the requirements of Rule 26(a)(2)(B). Schenck Decl. ¶ 5, Exh. C. Thereafter, the parties complied with Local Rules 37–1 and 37–2, and defendant filed the pending motion. Subsequent to the filing of defendant's motion, relators provided defendant with a supplemental report from Mr. Contreras on September 4, 2007. Declaration of Daniel Robert Bartley ¶ 7, Exh. B. Moreover, the parties have apparently agreed that defendant will depose Mr. Contreras on September 28, 2007.[2] Bartley Decl. ¶ 12.

## DISCUSSION

■ Rule 26(a) provides that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R.Civ.P. 26(a)(2)(A). It further provides that:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case ..., be accompanied by a written report prepared and signed by the witness. The report shall contain[: 1] a complete statement of all opinions to be expressed and the basis and reasons therefor; [2] the data or other information considered by the witness in forming the opinions; [3] any exhibits to be used as a summary of or support for the opinions; ■ the qualification of the witness, including a list of all publications authored by the witness within the preceding ten years; ■ the compensation to be paid for the study and testimony; and [6] a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed.R.Civ.P. 26(a)(2)(B). "The commentary to the amended Rule [26(a)] ... state[s the] rationale for requiring expert reports: the elimination of unfair surprise to the opposing party and the conservation of resources[.]" *Sylla–Sawdon v. Uniroyal Goodrich Tire*

---

1. There appears to have been a typographical or clerical error in the Order of September 25, 2006, in that, at times, the date 2006 was used instead of 2007.

2. Under Rule 26(b)(4)(A), the deposition of an expert cannot be taken before the expert's report issues. Fed.R.Civ.P. 26(b)(4)(A).

*Co.,* 47 F.3d 277, 284 (8th Cir.), *cert. denied,* 516 U.S. 822, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995); *see also Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 n. 6 (7th Cir.1998) ("The [expert] report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.").

Compliance with Rule 26, in particular with the requirement of total disclosure in the expert's report, is emphasized in the Advisory Committee Notes to the 1993 Amendments to paragraph (2) of Rule 26, which state:

> This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.... [¶] Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, ... must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor. The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with a need to depose the expert and often was even of little help in preparing for a deposition of the witness.... [T]he report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness. [¶] The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ul-

timately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

"Here, [relators'] deficient expert report flies in the face of the purpose of the mandatory expert disclosure requirements delineated in Rule 26(a)(2)...." *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 35 (1st Cir.2001). In fact, as defendant aptly notes, it is clear from the two-page letter that Mr. Contreras, at the time he authored the letter, had not yet formed any opinions about which he would testify; thus, the letter does not comply with the requirements of Rule 26(a)(2)(B).[3] Specifically, the two-page letter does not contain a complete statement of opinions to be expressed, as required; does not contain the basis and reasons for the opinions, as required; does not contain any statement of the data or information considered in forming any opinions, as required; does not contain any exhibits used as a summary or to support the opinions, as required; and does not contain a sufficient statement of Mr. Contreras's qualifications as required. Thus, the Court is shocked that relators continue, as recently as their supplemental memorandum, to argue the two-page letter complies with Rule 26(a)(2)(B).

Having found a violation of Rule 26(a)(2)(B), the Court turns to the question of an appropriate remedy. Sanctions for violation of Rule 26(a) are set forth in Rule 37(c), which provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may

---

**3.** However, the separate resume of Mr. Contreras may address his qualifications, which is a requirement of Rule 26(a)(2)(B), and the district judge will determine at trial whether Mr. Contreras is qualified as an expert.

include any of the actions authorized under Rule 37(b)(2)(A), (B) and (C) and may include informing the jury of the failure to make the disclosure.

Fed.R.Civ.P. 37(c)(1). Sanctions under Rule 37(b)(2)(A), (B) and (C) include an order establishing specific facts in accordance with the claim of a party, an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence, an order striking out pleadings or parts thereof, and the like. Fed.R.Civ.P. 37(b)(2)(A)-(C). As the Advisory Committee Notes to the 1993 Amendments to Rule 26 state:

> Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.

Here, it appears to the Court that relators' failure to timely disclose their expert's opinions was not mere negligence, but was a trial strategy. Certainly, relators offer absolutely no explanation of any kind, let alone set forth factors beyond their or Mr. Contreras's control, regarding their failure to issue an expert report that complies with Rule 26 by the August 13, 2007 deadline. Thus, there is no substantial justification for relators' failure to comply with Rule 26(a)(2)(B).

The real question before the Court is whether relators' failure to comply with Rule 26(a)(2)(B) is harmless. "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir.2001). Yet, here, relators inexplicably fail to address whether their violation of Rule 26(a)(2)(B) is harmless; rather, they continue to argue the two-page letter complies with Rule 26. However, defendant has addressed the issue of harmlessness, and contends it has been prejudiced by relators' failure to comply with Rule 26(a)(2)(B)—despite Mr. Contreras's supplemental report of September 4, 2007. Specifically, defendant contends that, since it did not receive relators' expert report when due, on August 13, 2007, but, rather, got it three weeks late, it has been substantially prejudiced in preparing for trial (scheduled November 6, 2007) since it did not have time to analyze the expert report and find rebuttal expert witnesses before September 4, 2007, when its disclosure of its rebuttal experts was due, and to timely prepare motions in limine, which are due October 2, 2007. For the reasons propounded by defendant, the Court finds relators' failure to comply with Rule 26(a) is not harmless and defendant has been prejudiced.

■ Sanctions under Rule 37(c) provide the district court wide latitude, as courts have noted:

> The range of sanctions provided in Rule 37(c), from the most harsh (total exclusion and dismissal of the case) to more moderate (limited exclusion and attorney's fees), gives the district court leeway to best match the degree of non-compliance with the purpose of Rule 26's mandatory disclosure requirements.

*Ortiz–Lopez,* 248 F.3d at 34. The gravamen of defendant's motion is its request for the exclusion of Mr. Contreras's testimony at trial-the ultimate sanction under Rule 37(c). However, the Court finds that:

> [t]he potential prejudice that Defendant claims it will suffer is not so severe as to warrant exclusion, especially given the possibility of ameliorating that prejudice through various means.... While certainly late and past the deadline, [relators] did provide the report.... Moreover, ... Defendant knew by the disclosure deadline that [Mr. Contreras] would be [relators'] expert witness.

*Galentine v. Holland America Line—Westours, Inc.,* 333 F.Supp.2d 991, 994 (W.D.Wash.2004). Now that Mr. Contreras's supplemental expert report has been provided to defendant, it appears that any prejudice suffered by defendant from the tardiness of relators' expert report can be addressed by various remedies other than the extremely harsh remedy of the exclusion of Mr. Contreras's testimony, *id.,* and defendant's motion to exclude Mr. Contreras's testimony should be denied.

■ Alternatively, defendant seeks an order requiring relators to comply with Rule 26(a)(2)(B). Although defendant, in its supplemental memorandum, did not address Mr.

Contreras's supplemental report, defendant argued at the hearing that the supplemental report still does not comply with Rule 26(a)(2)(B), noting Mr. Contreras fails to adequately identify all documents he reviewed to prepare his report. The defendant is correct. For example, in the portion of the report where Mr. Contreras identifies the "specific materials" he reviewed for the case, he states that he reviewed "selected correspondence and reports to WASC" by defendant and "select excerpts from papers filed in support of, and in opposition to, [defendant's] motion for summary judgment." Bartley Decl. ¶ 7, Exh. B at 8. Such statements are insufficient since they are not specific, and, in fact, do not identify whatever "select" materials Mr. Contreras reviewed. Nevertheless, the deficiencies in Mr. Contreras's supplemental report can be addressed by defendant taking Mr. Contreras's deposition, rather than by requiring relators to produce another supplemental report by Mr. Contreras. Thus, defendant's request for an order requiring relators to comply with Rule 26(a)(2)(B) should also be denied.

■ Defendant also seeks a modification of the scheduling order to give it an extension of 30 days to disclose its rebuttal experts' reports.[4] Under Judge Selna's schedule, defendant's disclosure of rebuttal experts' reports was due by September 4, 2007—three weeks after relators' disclosure—not 30 days. Nevertheless, defendant argued at the hearing that it needs 30 days because it will not depose Mr. Contreras until September 28, 2007, and it cannot be expected to provide its rebuttal experts' reports until after Mr. Contreras's deposition. The Court finds this argument to have merit, and will grant defendant's request to modify the schedule to allow defendant until October 5, 2007, to produce its rebuttal experts' reports. This modification of the schedule should help ameliorate the prejudice to defendant from relators' failure to comply with Rule 26(a).

Additionally, defendant seeks to have relators pay the costs of its deposition of Mr. Contreras. However, since defendant has not shown it would not have deposed Mr. Contreras even if his report had been timely, this request by defendant should be denied.

■ Finally, since the Court is of the opinion that relators would not have provided a supplemental expert report if defendant had not filed the pendant motion, the Court should grant defendant's request for attorney's fees under Rule 37(c). The declaration of Mr. Schenck establishes defendant has incurred 18 hours of attorney time at $225.00 an hour preparing its moving papers and will have incurred an additional 8 hours preparing its supplemental memorandum and attending the hearing on this matter. Schenck Decl. ¶ 14. The Court finds both these hours and hourly rate to be quite reasonable, and defendant's motion for attorney's fees in the amount of $5,805.00 should be granted.

## ORDER

1. Defendant Chapman's motion for sanctions excluding relators' expert testimony at trial **is denied.**

2. Defendant Chapman's motion in the alternative **is granted, in part, and denied, in part.** Specifically, the Court: denies defendant's request that relators be required to comply with Rule 26(a)(2)(B); grants defendant's request to modify the schedule, and orders that defendant may have until October 5, 2007, to disclose its rebuttal expert witnesses' reports and may have until September 28, 2007, to take Mr. Contreras's deposition; denies defendant's request that relators pay for the deposition of Mr. Contreras; and grants defendant's request for attorney's fees, and orders relators' counsel to pay attorney's fees to defendant in the amount of $5,805.00, no later than thirty (30) days from the date of this Order.

---

**4.** Rule 26(a) provides that expert "disclosures shall be made at the times and in the sequence directed by the court." Fed. R. Civ. 26(a)(2)(C). However, if the Court gives no direction, the disclosure of a rebuttal expert shall be made "within 30 days after the disclosure made by the other party." *Id.*